FILED

APR 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50283 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-04465-H-1 |
| v. | |
| GARLAND PHILLIPS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted April 8, 2014**
Pasadena, California

Before: BRIGHT,*** FARRIS, and HURWITZ, Circuit Judges.

The Defendant, Garland Phillips, challenges his conviction of two violations

of 18 U.S.C. § 841(a)(1), distribution of methamphetamine, and his sentence of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Myron H. Bright, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

108 months incarceration and four years supervised release. This Court has jurisdiction under 28 U.S.C. § 1291.

There was sufficient evidence to support Phillips's conviction. When reviewing challenges to the sufficiency of the evidence in a criminal case, the court asks whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc). Here, there was testimony from the alleged buyer and a confession from the Defendant. There is no rule of law requiring that a fact-finder rely on evidence of a certain type, whether eyewitness testimony or physical evidence. The credibility of a witness is beyond the scope of appellate review. *United States v. Ramos-Atondo*, 732 F.3d 1113, 1121 (9th Cir. 2013). Phillips's evidentiary challenge fails.

Phillips's confession was not involuntary. The district court properly allowed the jury to consider this evidence. The voluntariness of a confession is reviewed de novo, *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir. 2003), and is determined by looking to the totality of the surrounding circumstances, with the primary inquiry being whether or not the "defendant's will was overborne by [those] circumstances…." *Doody v. Ryan*, 649 F.3d 986, 1008 (9th Cir. 2011) (en banc). Phillips's involuntariness argument fails both factually and legally.

Factually, no purportedly overbearing promises induced the confession: Phillips admitted to the relevant conduct for the offense early in the interrogation, *before* the discussion of leniency. Even were that discussion to have come before the confession, such inducements have been held to be non-coercive in most cases. *See United States v. Harrison*, 34 F.3d 886, 891 (9th Cir. 1994) ("[I]n most circumstances, speculation that cooperation will benefit the defendant or even promises to recommend leniency are not sufficiently compelling to overbear a defendant's will.").

We refuse to address Phillips's ineffective assistance of counsel claim. These challenges are "generally inappropriate on direct appeal." *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). Phillips's case does not fit within any of the exceptions to this general rule.

Finally, Phillips's 108 month sentence was substantively reasonable. In determining substantive reasonableness, the totality of the circumstances is taken into account so as to determine if "the district court committed a clear error of judgment." *United States v. Ressam*, 679 F.3d 1069, 1087 (9th Cir. 2012) (en banc). Phillips was sentenced to the low-end of the Guidelines range for an offense that involved remunerative trafficking in a harmful illegal drug. Moreover, he has been convicted of battery, grand theft, and infliction of corporal injury on a spouse

3

in the past. Further,108 months is what the Defendant himself originally requested as an alternate sentence to the statutory minimum.

**AFFIRMED.**